UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

FRANCISCO PEREZ LUCATERO,

        Defendant.

NO. CR. S-05-0443 WBS

ORDER

----oo0oo----

Defendant Francisco Perez Lucatero, who was sentenced on December 20, 2006 to a 66-month prison term on his plea of guilty to the crime of possession of a firearm in furtherance of drug trafficking crimes, in violation of 18 U.S.C. § 924(c)(1)(A)(I), now moves, in propria persona, to obtain copies of certain documents from the case file.  Specifically, defendant requests copies of the criminal complaint, indictment, plea agreement, and transcript from the sentencing hearing, which he says he needs in order to determine whether he has grounds to file a claim for relief under 28 U.S.C. § 2255.

Nothing prevents defendant from contacting the clerk's office directly to obtain the copies of documents requested,

1

standard rates applying, or having his representative obtain access to and copy the documents in the clerk's possession pursuant to 28 U.S.C. § 753(b).  To the extent that defendant is asking that the requested documents be provided to him at no expense, an indigent prisoner must, as a matter of equal protection, be provided "with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal." <u>Britt v. North Carolina</u>, 404 U.S. 226, 227 (1971). Because defendant has already been convicted and has waived his right to appeal both in the plea agreement and at sentencing, he is not entitled to now receive a transcript and other documents requested at taxpayer expense as a matter of constitutional law.

Defendant is also not statutorily authorized, as a matter of course and upon demand, to receive a copy of such transcripts free of charge.  Specifically, 28 U.S.C. § 753(f) provides that:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes (emphasis added).

28 U.S.C. § 753(f).  A party may receive such transcripts at the taxpayers' expense only if they are being furnished in a criminal or in a habeas corpus proceeding where the person has been permitted to proceed in forma pauperis.

A prisoner is not constitutionally or statutorily authorized to receive free copies of transcripts simply because he intends to bring a § 2255 petition for post-conviction relief in the future.  28 U.S.C. § 753(f) also provides that:

1
2
3
4
5
>Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose <u>if the trial judge or a circuit judge certifies that the suit or appeals is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal</u>. [Emphasis added.]

28 U.S.C. § 753(f). The vast majority of courts have interpreted this language to mean that, until a prisoner actually "brings a proceeding under section 2255," he is not entitled under § 753(f) to have costs for creating or copying such transcripts or other documents paid by the United States. <u>See</u>, e.g., <u>United States v. Losing</u>, 601 F.2d 351 (8th Cir. 1979); <u>Skinner v. United States</u>, 434 F.2d 1036 (5th Cir. 1970); <u>United States v. Stevens</u>, 224 F.2d 866 (3d Cir. 1955).

Although a few courts have ruled that under special circumstances it is permissible to consider a motion for free transcripts prior to the filing of a § 2255 petition, if necessary for use therein, <u>See</u> <u>United States v. Shoaf</u>, 341 F.2d 832 (4th Cir. 1964), under the circumstances presented by defendant's request here, this court is unwilling to circumvent the clear language of § 753(f) to promote a policy which would encourage fishing expeditions and other possible abuses. Congress made no exceptions in § 753(f) for special circumstances. Nor does defendant suggest special circumstances exist here.

///
///
///
///

3

IT IS THEREFORE ORDERED that defendant's motion to obtain copies from the case file at government expense be, and the same hereby is, DENIED.

DATED: June 15, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4